WATERMAN *v.* HAWKINS.

Opinion delivered April 15, 1905.

1. LOCAL OR SPECIAL BILL—PUBLICATION OF NOTICE.—Const. 1874, art. 5,
   § 25, in providing that the evidence of publication of the required
   notice of the intention to introduce a local or special bill shall be
   exhibited in the General Assembly before its passage, intended to
   make the Legislature the sole judge of the question of the publication
   of such notice. (Page 123.)

2. STATUTE—PRESUMPTION.—It will not be presumed from mere silence
   of the legislative journals that the Legislature has exceeded its author-
   ity or disregarded a constitutional requirement in the enactment of a
   statute, unless the Constitution has expressly provided that the jour-
   nal shall be the only evidence; but every reasonable presumption is to
   be made in favor of the validity of the act. (Page 124.)

3. LOCAL OR SPECIAL BILL—ABOLISHING COURT.—Statutes establishing or
   abolishing separate courts relate to the administration of justice, and
   are neither local nor special in their operation. (Page 125.)

4. CONSTITUTIONAL LAW—CONSTRUCTION OF STATUTE.—Where one con-
   struction of a statute would render it void for conflict with the
   Constitution, and another would render it valid, the latter will be
   adopted. (Page 125.)

5. ABOLITION OF SEPARATE COURTS—TRANSFER OF CAUSES.—The act of February 25, 1905, abolishing the separate judicial district of Desha County known as the Watson District, in providing (in § 2) "that all causes, actions or proceedings now pending in or before either the chancery court or the probate court of said Watson District be transferred to the chancery court or the probate court at the county seat," intended that the causes should be transferred to courts at the county seat exercising jurisdiction according to the Constitution and laws of the State. (Page 126.)

6. SAME—POSTPONEMENT OF CASES.—The act of February 25, 1905, abolishing the Watson District of Desha County, is not invalid for postponing the trial of civil and criminal cases until the January term, 1906. (Page 126.)

Petition for mandamus to Marcus L. Hawkins, Chancellor.

Writ denied.

*J. Bernhardt* and *Taylor & Jones,* for petitioners.

The act is void because it denies to accused parties now in jail a speedy trial. Const., art. V, § 25. The act is void because the notice required by the Constitution was not given. 123 Mo. 399; Const. art. III., § 57; 1 Ark. 219.

*T. M. Hooker, X. O. Pindall, F. M. Rogers* and *Campbell & Stevenson,* for respondents.

The court cannot inquire into the publication of notice. 48 Ark. 370. The bill is plain and certain in its terms. 66 Ark. 466; Suth. Stat. Const. § 332. Petitioners have no right to question the constitutionality of the act, except so far as it applies to the chancery court. 31 Ark. 261. Petitioners fail to show that they have been deprived of any vested or constitutional rights. 46 Ark. 229; Cooley, Const. Lim. 213.

McCULLOCH, J. The General Assembly, by an act approved February 12, 1881, established a certain portion of the territory of Desha County as a separate judicial district, to be known as the "Watson District of Desha County," and provided that regular terms of the circuit and probate courts should be held therein, with jurisdiction coextensive with the boundaries described. Jurisdiction over the remaining territory of the county was left in the courts to be held at the county seat, Arkansas City. Upon the establishment of the second chancery district, it was provided

that terms of the chancery court should be held in the Watson District of Desha County.

The General Assembly at the session of 1905, passed an act approved February 25, 1905, abolishing the said Watson District in Desha County, and providing for the transfer of causes pending in the several courts of that district, and for other purposes. The sections of the latter act, which are material to the consideration here, are as follows:

"Section 1. That the separate circuit, chancery and probate courts now provided for by law in the Watson District of Desha County be and the same are hereby abolished, and that what was formerly known as the Watson District of Desha County be dispensed with and abolished.

"Section 2. That all causes, actions or proceedings now pending in or before either the chancery court or the probate court of said Watson District be transferred to the chancery court or probate court at the county seat of Desha County, and stand for hearing or proper action by the court at the next regular term of said chancery or probate court at the county seat.

"Sec. 3. That all causes, actions or proceedings, civil or criminal, now pending before the circuit court of Desha County for the Watson District be, and the same are by this act transferred to the Desha Circuit Court for the Arkansas City District, and shall stand for hearing to the regular January, 1906, term of said court, the same as regards venue as though said causes had originally begun at said circuit court for said Arkansas City District."

The petitioners, Waterman and others, present their petition to this court attacking the validity of said act, and alleging that some of them are taxpayers and citizens of the Watson District of Desha County, and that the others have litigation pending in the chancery court of said district; that the respondent, Hon. M. L. Hawkins, who is chancellor of the second chancery district, has refused to hold a regular term of the chancery court in the Watson District on the 3rd Monday in April, 1905, the day fixed by statute for the holding of said term, and they pray for a writ of peremptory mandamus from this court, requiring him to hold the court.

The validity of the act abolishing the Watson District is challenged on the ground (1) that it is a "local or special bill," within the meaning of the language of the Constitution, and that no notice thereof was given as required by the Constitution; (2) that the act is so unintelligible in the provision as to transfer of causes pending in the chancery and probate courts that the meaning cannot be ascertained; (3) that the act postpones the trial of civil and criminal causes pending in the circuit court of the Watson District until the regular January term, 1906, of the circuit court of the county to be held ·at the county seat, thereby denying the litigants in said actions the right of a speedy trial.

1. Section 25 of article 5 of the Constitution of 1874 provides as follows:

"No local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or .thing to be affected may be situated, which notice shall be at least 30 days prior to the introduction into the General Assembly of such bill, and in the manner to be provided by law. The evidence of such notice having been published shall be exhibited in the General Assembly before such act shall be passed."

It is alleged in the petition, and shown by an affidavit of one of the petitioners, that no notice was published, in conformity with the above provision, of an intention to apply for the passage of the act. This point was expressly passed upon by this court in *Davis* v. *Gaines,* 48 Ark. 370, and it was decided that "if the General Assembly chose to disregard this requirement, and to enact a local or special law, without notice, no issue upon the subject of notice can be raised in the courts."

The court was also in that case dealing with the kindred subject as to whether the statute under consideration violated the provision of the Constitution that "in all cases where a general law can be made applicable no special law shall be enacted;" and it was held that the law-making body was the exclusive judge of the question whether a general law could be made applicable. Judge Smith, speaking for the court, said: "Nevertheless, the Constitution leaves the Legislature a very large

discretion in determining when a general law can be made applicable. And, according to the adjudged cases, the Legislature is the sole judge whether provision by a general law is possible except in the enumerated cases of changing the venue in criminal cases, changing the names of persons, adopting and legitimating children, granting divorces and vacating roads, streets or alleys. The provisions are merely cautionary to the Legislature." The same rule is announced in other decisions of this court. *Boyd* v. *Bryant,* 35 Ark. 73; *Carson* v. *St. Francis Levee District,* 59 Ark. 513; *State* v. *Sloan,* 66 Ark. 579; *St. Louis Southwestern Ry. Co.* v. *Grayson,* 72 Ark. 119, 78, S. W. 777.

The Constitution provides that the evidence of publication of the required notice shall be exhibited in the General Assembly before the passage of any such local or special bill. It was the manifest intention of the framers of the Constitution to make the Legislature the sole judge of the question of the publication of the required notice, and in testing the validity of such act the court must indulge the conclusive presumption that evidence of such publication was properly exhibited before the passage of the act. The utmost confusion would necessarily result if the court should enter upon the inquiry to determine whether or not the notice had in fact been given. Says Judge Cooley: "The moment a court ventures to substitute its own judgment for that of the Legislature, in any case where the Constitution has vested the Legislature with power over the subject, that moment it enters upon a field where it is impossible to set limits to its authority, and where its discretion alone will measure the extent of its interference." Cooley's Const. Lim. (7th Ed.), p. 236.

It will not be presumed from mere silence of the journals that the Legislature has exceeded its authority, or disregarded a constitutional requirement in the enactment of a statute, unless the Constitution has expressly provided that the journal shall be the only evidence; but every reasonable presumption is to be made in favor of the validity of the act. *English* v. *Oliver,* 28 Ark. 317; *Smithee* v. *Gantt,* 33 Ark. 17; *Worthen* v. *Badgett,* 32 Ark. 496; *Glidewell* v. *Martin,* 51 Ark. 559; In re *Ellis Estate,* 55 Minn. 401; *Hollingsworth* v. *Thompson,* 45 La. Ann. 222; *McKinnon* v. *Cotner,* 30 Or. 588; *State* v. *Mason,* 155 Mo. 486; Cooley's Const. Lim. (7th Ed.), p. 195.

Moreover, the statute in question is not a local or special bill, within the meaning of the constitutional requirement of publication of the intention to apply for passage. *State* v. *Yancey*, 123 Mo. 291; *State* ex rel. *Webster* v. *County·Commissioners*, 29 Md. 516.

Mr. Sutherland gives the following definition: "Special laws are those made for individual cases, and for less than a class requiring laws appropriate to its peculiar condition and circumstances; local laws are special as to place. When prohibited, they are severally objectionable for not extending to the whole subject to which provision would be equally applicable, and thus permitting a diversity of laws relating to the same subject." Suth. on Stat. Const. § 127.

Statutes establishing or abolishing separate courts relate to the administration of justice, and are not either local or special in their operation. Though such an act relates to a court exercising jurisdiction over limited territory, it is general in its operation, and affects all citizens coming within the jurisdiction of the court.

"Whether an act of the Legislature be a local or general law must be determined by the generality with which it affects the people as a whole, rather than the extent of the territory over which it operates; and if it affects equally all persons who come within its range, it can be neither special nor local within the meaning of the Constitution." *State* v. *Yancey, supra.* In the case last cited, the Supreme Court of Missouri held that, under a provision of the Constitution identical with the provision of the Constitution of this State now under consideration, neither an act of the Legislature establishing a separate court, nor one detaching the clerical duties of that court and creating a separate clerk of the court, were local or special acts within the meaning of the Constitution.

2. Petitioners next contend that section 2 of the act is so ambiguous and uncertain that it cannot be determined to what court at the county seat of Desha County the causes now pending in the chancery and probate courts respectively of the Watson District are to be transferred for further proceedings. All doubts as to the constitutionality of a statute are resolved in favor of

the statute; and, "when one construction will make a statute void for conflict with the Constitution, and another would render it valid, the latter will be adopted, though the former, at first view, is otherwise the more ·natural interpretation of the language." Suth. Stat. Const. § 332; Cooley's Const. Lim. p. 253; *State* v. *Lancashire Ins. Co.* 66 Ark. 466.

It would be a strained construction of the act in question to say that the Legislature attempted to transfer causes from the chancery court of the Watson District to the probate court held at the county seat, and from the probate court of the Watson District to the chancery court held at the county seat, or that the Legislature intended to employ language about which a doubt ·on that question could arise. The Constitution fixes the jurisdiction of the courts of the State, and we must presume that the Legislature meant to transfer the causes to courts at the county seat exercising jurisdiction according to the Constitution and laws of the State. The language in the act providing that the transferred causes shall "stand for hearing or proper action by the court" leaves no room for us to doubt that a transfer was provided for to a court at the county seat having jurisdiction to hear and determine the causes.

3. The petitioners do not state facts which entitle them to question the validity of the third section of the act transferring the civil and criminal cases pending in the circuit court of the Watson District to the circuit court at the county seat of Desha County, and postponing the trial of such cases until the January term, 1906, of the latter court. However, it seems that the case of *Parker* v. *Sanders,* 46 Ark. 229, is conclusive of this question. There, in considering an act which abolished one of the terms of the circuit court of Monroe County, it was held that the Constitution does not guaranty to any county more than one annual term of the circuit court. It follows from this ruling that the part of the statute postponing the trial of causes beyond the next succeeding term of court to be held at· the county seat, even if void, does not render the whole act void.

By the terms of the act all civil and criminal causes pending in the circuit court of the Watson District are transferred to the circuit court at the county seat, and the right of a civil litigant

or defendant in a criminal prosecution to demand a trial at the first term of the circuit court held at the county seat, instead of waiting until the January term, 1906, need not be determined here until it comes properly before us. We cannot assume that the circuit court will deny to a litigant the right to a speedy trial.

Other questions are raised which we do not deem of sufficient importance to discuss.

The act completely abolished the chancery court of the Watson District, and therefore the chancellor cannot be compelled to hold a term of court therein.

The writ is denied.