SMALLEY *v.* BUSHMIAER.

Opinion delivered May 19, 1930.

*C. M. Wofford,* for appellant.
*Partain & Agee,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment rendered by the circuit court of Crawford County dismissing a petition for mandamus to compel appellee, the sheriff of said county, to allow the county clerk to inspect his jail record to ascertain the number of prisoners fed by him, so that he could audit the accounts of said sheriff in feeding the prisoners. The writ of mandamus was sought to enforce the provisions of act 367 of the Acts of the Legislature of 1929, which is as follows:

"Be it Enacted by the General Assembly of the State of Arkansas:

"Section 1. That, from and after the passage of this act, the sheriff of Crawford County, Arkansas, shall be allowed seventy-five cents (75c) per day for the feeding of each prisoner confined in the Crawford County jail; and provided, further, that it shall be the duty of the county clerk of Crawford County, Arkansas, to keep a jail record of the names and number of all prisoners confined in said jail on file in his office, and shall file a certified list of the names and number of said prisoners confined in said jail during the previous month with the county and probate judge, said list to be filed on the first day of each month in each year.

"Section 2. All laws and parts of laws in conflict herewith are hereby repealed."

The trial court ruled that the act was void because the enactment thereof was prohibited by Amendment Number 17 to the Constitution of the State of Arkansas, which is as follows:

"The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of any local or special act."

We think the trial court correctly adjudged that the act in question was in contravention of Amendment No. 17 inhibiting the passage of local or special legislation. In the case of *Webb* v. *Adams,* 180 Ark. 713, this court said: "A law is special in a constitutional sense when, by force of an inherent limitation, it arbitrarily separates some person, place or thing from those upon which, but for such separation, it would operate." Citing the following authorities: 58 Atl. 571, 572; *L. R. & Ft. Smith Ry. Co.* v. *Hanniford,* 49 Ark. 291, 5 S. W. 294; *Little Rock* v. *North Little Rock,* 72 Ark. 195, 79 S. W. 785.

In 25 R. C. L. p. 834, paragraph 81, it is said: "And where a statute fixes the compensation of an officer in a particular locality upon a basis entirely different from that of all other persons filling like offices in the State, it has been held not to be a general law, but within the constitutional prohibition against special legislation."

The effect of the act was to arbitrarily separate the clerk and sheriff of Crawford County, and legislate with reference to their duties and fees upon a basis different from that of other clerks and sheriffs in the State.

The judgment is therefore affirmed.

SMITH and McHANEY, JJ., dissent.