CANNON *v.* MAY.

Opinion delivered February 9, 1931.

*E. F. McFaddin,* for appellant.

*John P. Vesey,* for appellee.

HART, C. J.  It is conceded by counsel for the parties that the single question raised by this appeal is the validity of act 150 of the Acts of 1929, placing the county treasurer and county and probate clerk of Hempstead County, Arkansas, on a salary basis. Acts of 1929, vol. 1, p. 764.

That part of § 1 relating to the issue raised by the appeal provides that the county and probate clerk of Hempstead County, Arkansas, shall receive as full compensation for his services as county and probate clerk the sum of $3,600, and the sum of $1,500 for a deputy, said sums to be paid in equal monthly installments. The county court upheld the act, and allowed Frank May and his deputy the salaries provided in the act. Curtis Cannon, a taxpayer, was allowed to intervene and appeal to the circuit court. There again the validity of the act was upheld, and the claims of the county and probate clerk and his deputy were allowed as provided by statute. The case is here on appeal.

Amendment No. 12 to our Constitution reads as follows: "The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts."

In the construction of this amendment, this court has held that act No. 367 of the Acts of 1929, fixing the compensation of the sheriff of Crawford County and the duty of the county clerk of such county on a basis entirely different from that of other sheriffs and county clerks in the State is within the constitutional provision against special legislation. *Smalley* v. *Bushmaier,* 181 Ark. 874, 31 S. W. (2d) 292. This holding was reaffirmed in the later unreported case of *Smalley* v. *Bushmaier,* 181 Ark. 1147, 31 S. W. (2d) 293.

It is conceded that, if the ruling in these cases is adhered to, the act is unconstitutional, and the judgment must be reversed; but it is insisted that the holding in these cases is wrong and should be overruled. We cannot agree with counsel in this contention. The act in question is purely local, and its application is confined to Hempstead County. It fixes the salary of the county and probate clerk of that county and has no reference to the salary of the county and probate clerk of any other county.

Prior to the adoption of the amendment in question, this court held that the act of February 20, 1893, fixing the salaries of the officers of Sebastian County was not in violation of the Constitution of 1874, article 5, § 25, providing that in all cases where a general law can be made applicable, no special law shall be enacted, since the Legislature is the judge of the necessity and propriety of the special law as applicable to any particular subject. *Powell* v. *Durden,* 61 Ark. 21, 31 S. W. 740. The court expressly stated that the act was a special one, and based its opinion on the doctrine that the Legislature was the judge of the necessity and propriety of a special law, as applicable to any subject, rather than a general law. Although there was no extended argument of the question, the court in that case recognized that a salary act for the officers of a single county was a special act. If it had deemed that a salary act was a general one, the court would doubtless have said so, as it did in the later case of *Waterman* v. *Hawkins,* 75 Ark. 120, 86 S. W. 844, where it was said that statutes establishing or abolishing separate courts relate to the administration of justice and are not local or special in their operation. A Missouri case was cited in support of the ruling. The Supreme Court of Missouri based its holding on the principle that the judicial system of the State was a whole, and that acts dealing with the courts have been usually held general, although not applicable to every court of like nature in the State. The ruling proceeds upon the doctrine that the judicial department of the State is a "composite unit." *Greene County* v. *Lydy,* 263 Mo. 77, 172 S. W. 376, Ann Cas. 1917C, p. 274. In this connection, it may be stated that the Supreme Court of the State of Missouri in a well-considered case has held that a statute fixing the fees or compensation of officers of a single county is a question in its nature local and a law regulating such compensation cannot be properly regarded as a law of a general nature but is a local or special act. *Henderson* v. *Koenig,* 168 Mo. 356, 68 S. W. 72, 57 L. R. A. 659.

The Supreme Court of New York has held that an act relating to the fees of the sheriff of a single county is a local act. *Gasken* v. *Meeks,* 42 N. Y. 186. To the same effect see *Cricket* v. *State,* 18 Ohio St. 9; *Gibbs* v. *Morgan,* 39 N. J. Eq. 126; and *Commonwealth* v. *Mc-Michael,* 8 Pa. Dist. 157.

The reason for the rule and the rule itself is clearly stated in *Ferguson* v. *Ross,* 126 N. Y. 459, 27 N. E. 954. Judge Andrews said:

''It seems impossible to fix any definite rule by which to solve the question whether a law is local or general, and it has been found expedient to leave the matter, to a considerable extent, open, to be determined upon the special circumstances of each case. There are, however, certain general principles to be deduced from the decisions. One of these is that a statute may be public and still local, and therefore within the purview of this provision of the constitution. In accordance with this view, it has been held that acts constituting or defining the jurisdiction of local courts, amending charters of municipal corporations, regulating the appointment and election of local officers in a particular city, providing for the laying out of streets or highways or the construction of bridges in a specified locality, and for local taxation to pay the expense of the work, regulating the fees of officers in a particular county or the expenses of judicial sales therein, although public acts, are nevertheless local and to be valid the subject of the enactment must be expressed in the title. [Citing authorities.]''

''Another rule evolved by the discussion of the subject is that an act embracing within its scope all the cities of the State, or all things of a certain class, is a general and not a local act, although by reason of some limitation, based on population or other condition, only a particular city or the inhabitants of a single locality can in the actual situation receive its benefits. In re *N. Y. Elevated R. R.,* 70 N. Y. 328; In re *Church,* 95 N. Y. 2.''

The act under consideration applies to only one county in the State, excluding all other counties from its consideration, and is clearly a local or special act, under the principles of law above announced.

It is claimed that this holding will render invalid a number of salary acts of a similar character passed by the Legislature of 1929. Considerations of that sort cannot affect a judicial determination of a question of law. Our duty is to construe the Constitution as it is written. As we have already seen, the Supreme Court of this State has defined a salary act for the officers of a single county to be a local or special act before the adoption of the amendment under consideration. The legal presumption is that the framers of the amendment had in mind that the court had already held that a salary act for the officers of a single county was a local or special act. A prior construction of a State Constitution will be regarded, in the absence of any evidence of different intent, as adopted by re-enactment of the same language in a revision of the Constitution. *Sanders* v. *St. Louis & New Orleans Anchor Line,* 97 Mo. 26, 10 S. W. 595, 3 L. R. A. 390. This is in application of that established doctrine of constitutional construction that when a later Constitution or an amendment adopts a provision of an earlier one that has received judicial construction, it is deemed to be adopted as thus construed. *State* v. *De-Lorenzo,* 81 N. J. L. 613, 79 Atl. 539, Ann. Cas. 1912D, 329; *Morgan* v. *Dudley,* 18 B. Mon. (Ky.) 693, 68 Am. Dec. 735; Cooley, Const. Lim. 8 Ed., vol. 1, p. 136, 12 C. J., p. 717; and 6 R. C. L., p. 54.

We again call attention to the fact that this decision does not impair the decision in *State* v. *Crawford,* 35 Ark. 236, where it was held that a statute settling the accounts between the State and certain parties is a general and not a special act, but the reason was that the State is sovereign and in the settlement of the account acted for all the people in the State.

Again, we do not wish to be understood as impairing the force of cases like *Ark-Ash Lumber Co.* v. *Pride & Fairley,* 162 Ark. 235, 258 S. W. 335; *McLaughlin* v. *Ford,* 168 Ark. 1108, 273 S. W. 707; and *Farelly Lake Levee District* v. *Hudson,* 169 Ark. 33, 273 S. W. 711. On the other hand, we think the rule there announced fully sustains the view herein expressed that the act under consideration is a local or special one because, according to its terms, it only applies to a single county in the State and could not apply to any other county or counties.

We again call attention to the case of *Harwood* v. *Wentworth,* 162 U. S. 547, 16 S. Ct. 890, cited in *Webb* v. *Adams,* 180 Ark. 713, 23 S. W. (2d) 617, where it was held that counties may be properly classified for the purpose of fixing the salaries of county officers according to population, wealth and other things, which are calculated to furnish a reasonable basis for the classification, so that as nearly as possible, the officers would be compensated according to the amount of work done.

The result of our views is that the act under consideration is unconstitutional; and it follows that the judgment of the circuit court must be reversed, and the cause will be remanded with directions to the circuit court to certify its judgment in accordance with the opinion herein expressed down to the county court for its guidance in the premises.

SMITH, J., (dissenting). In my opinion, the decisions of this court in the cases of *Smalley* v. *Bushmaier,* 181 Ark. 874, 31 S. W. (2d) 292, and 181 Ark. 1147, 31 S. W. (2d) 293, are erroneous, and the error thereof is demonstrated in the majority opinion in the instant case. These Smalley cases are, in fact, a single case, although there were separate opinions. They were companion cases involving the identical question, and the opinions in both were handed down on the same day, and in the last case it was merely held that the opinion in that case was controlled by the opinion in the former. The holding of those cases has been enlarged in the instant case, and a conclusion reached which they do not require.

The Local Bill Amendment, the correct number of which appears to be No. 12 (Applegate's Constitution of Arkansas Annotated, p. 231), is not to be construed as if it stood alone. It can be correctly construed only when read in connection with the Constitution of which it has become a part. In the case of *Hodges* v. *Dawdy*, 104 Ark. 583, 149 S. W. 656, in construing the effect of the adoption of another amendment, we said: "The amendment being the last expression of the popular will in shaping the organic law of the State, all provisions of the Constitution which are necessarily repugnant thereto must, of course, yield, and all others remain in force. It is simply fitted into the existing Constitution, the same as any other amendment, displacing only such provisions as are found to be inconsistent with it. Like any other new enactment, it is a 'fresh drop added to the yielding mass of the prior law, to be mingled by interpretation with it.' *State* v. *Sewell*, 45 Ark. 387. In the construction of its terms, and in the determination of its scope and effect, the courts should follow settled rules of interpretation."

Amendment No. 12 should therefore be read and construed in connection with the whole Constitution of which it has become a part, and, when so read and construed, certain conditions must be taken into consideration. It has always been the law that the General Assembly, and that agency alone, could fix the compensation of county officers, and this might be done by fixing fees for particular services to be paid them, or allowing a salary for all services. The power to do either existed, and has never been questioned.

In the case of *Nixon* v. *Allen*, 150 Ark. 244, 234 S. W. 45, we said: "The power to fix the salaries and fees of all officers in the State, and the number of their clerks and employees and their salaries, is a function, which, within the limits of the Constitution, is lodged in the supreme law-making power of the State—the Legislature. (Citing cases.) The General Assembly cannot delegate this legislative power to any individual, officer, or board." This language was employed in a case involving

the salaries of the officers of Pulaski County, and that county alone.

The General Assembly would have had this power unless the Constitution had denied it. But this authority was not only not denied, but was expressly conferred by § 4 of article 16, of the Constitution, which reads as follows: "The General Assembly shall fix the salaries and fees of all officers in the State, and no greater salary or fee than that fixed by law shall be paid to any officer, employee or other person, or at any rate other than par value; and the number and salaries of the clerks and employees of the different departments of the State shall be fixed by law."

Express authority is here conferred to fix both salaries and fees, and compensation to an officer may therefore be provided by either a salary or fees.

Certainly, this section of the Constitution has not been repealed by amendment No. 12, and the authority to fix the compensation of all officers in the State imports authority to fix the compensation of a particular officer or officers in certain counties, as distinguished from officers in other counties, and it cannot be true that this authority may be exercised in a particular county only by the enactment of legislation applicable to all counties.

There is a wide difference in the population and wealth of the different counties of the State, with consequent difference in the extent of the services to be performed by similar officers in the different counties. An adequate compensation for one county might be inadequate in another, and this condition was taken into account in the section of the Constitution quoted, which left to the General Assembly the authority to fix the compensation of all officers.

In the opinion on rehearing in the case of *Webb v. Adams*, 180 Ark. 713, 23 S. W. (2d) 617, we said that: "Reasonable classification can always be made under a general law." And in that opinion we further said: "In the application of this rule in *LeMaire v. Henderson*, 174 Ark. 936, 298 S. W. 327, the court sustained a statute

classifying school districts in certain counties, and held that in classifying school districts the Legislature may consider the density of population, the wealth of the county, the system of roads, and the topography of the country with reference to whether it is hilly or not.'' And I think the statement may be added that, in fixing the compensation of county officers, the Legislature may consider the amount of service the officer whose compensation is fixed by law will be required to perform.

In this opinion in the case of *Webb* v. *Adams, supra,* on rehearing, we further said: ''In this connection we do not wish to be understood as impairing in the least the force of the decisions in *State* v. *Crawford,* 35 Ark. 236, which holds that a statute settling accounts between the State and certain parties is a general and not a special act; and in *Waterman* v. *Hawkins,* 75 Ark. 120, 86 S. W. 844, holding that statutes establishing or abolishing separate courts relate to the administration of justice and are not either local or special in their operation. This is in recognition of that principle of State sovereignty under which the State, through its Legislature, may protect its own interest, and by virtue of it the Legislature may treat every subject of sovereignty as within a class by itself, and bills of that kind are usually held to be general and not local or special laws. There are cases where the State, by its Legislature, commits the discharge of its sovereign political functions to agencies selected by it for that purpose, and such acts have usually been held to be general acts.

''Neither do we wish to impair the force of cases like *Harwood* v. *Wentworth,* 162 U. S. 547, 16 S. Ct. 890, where Congress by legislation fixed the salaries of county officers of the territory of Arizona and thereby displaced the system of fees and allowances; and the act was held to be a general one, and not a local or special law. The court said that the act was general in its operation, and applied to all counties in the territory. The counties were classified for the purpose of fixing the salaries of the county officers according to population, wealth, and

other things, which were calculated to furnish a reasonable basis for the classification, so that, as nearly as practical, the officers would be compensated according to the amount of work done.''

I am therefore of the opinion that act No. 150 of the Acts of 1929, vol. 1, p. 764, herein held unconstitutional, is neither local nor special, within the meaning of amendment No. 12. It is an administrative measure, of a kind of which we have innumerable examples in the published acts of all the sessions of the General Assembly since the adoption of amendment No. 12.

In the exercise of its functions as a sovereign the State has, and must have, power to enact administrative legislation, even though such legislation operates only in a particular locality or upon a single individual.

The act upheld in the case of *Urquhart* v. *State*, 180 Ark. 937, 23 S. W. (2d) 963, is an example of such legislation. That case was one in which an act was construed which made provision for the settlement of a controversy arising between the State and one of its citizens out of the purchase of a convict farm. The act was attacked as a special act and therefore void under amendment No. 12. But, in upholding the act, we said: ''Act 120 is neither a local nor special act within the meaning of this amendment. It is an exercise of the State's sovereignty in settling a controversy with one of its citizens, and such acts are neither local nor special. *State* v. *Crawford*, 35 Ark. 237. See also other cases cited in the opinion on rehearing in the case of *Webb* v. *Adams*, ante p. 713.''

The majority recognize the right of the General Assembly to fix fees and salaries, but say it must be done in accordance with some basis of classification. I have attempted to show that this was not true as to salary acts, but, if so, it appears to me that, when this concession is made, as it must be, their argument falls. Is not the Hempstead County act a classification act? When the General Assembly has the power to act, it is not required to recite the reasons inducing its action, and should we not assume that the General Assembly was

made aware of the population and wealth of Hempstead County and the amount of labor required of its county clerk in fixing his salary, and had fixed his salary accordingly? Must the General Assembly, after ascertaining these facts as to a particular county, postpone legislation as to that county until it has also ascertained these facts as to all other counties? And, if it be ascertained that the compensation of a particular officer which can be fixed only by the General Assembly is either excessive or inadequate, is appropriate legislation to correct the inequality to be declared invalid unless the legislation correcting the inequality relates to all other counties in which no such conditions are found to exist?

The majority cite the case of *Powell* v. *Durden,* 61 Ark. 21, 31 S. W. 740, but I think it gives no support to their position. That case recognized the validity of a salary act applicable to Sebastian County alone. It was there insisted that the officers of that county should be paid fees, and not a salary, "for the reason that a general law providing for the pay of such officers has almost from time immemorial proved itself applicable to the subject, and that therefore the special act is in violation of the 25th section, article 5, of the Constitution."

Section 25 of article 5, of the Constitution provides that "In all cases where a general law can be made applicable no special law shall be enacted; nor shall the operation of any general law be suspended by the Legislature for the benefit of any particular individual, corporation or association; nor where the courts have jurisdiction to grant the powers or the privileges or the relief asked for."

The point there involved was whether the General Assembly might, in view of this section of the Constitution, pass a law which applied only to a particular county, and the point decided was that the Legislature was the judge of the necessity or propriety of a special law as applicable to any subject, rather than a general law, and the act was upheld as valid on that theory.

Certainly, an act, even though it relates to salaries, which applies to a single county, or to any part of the State less than the whole, is not a general act, and I do not so contend. What I do contend is that a salary act, even though applicable to only one county, is not a local or special act, within the meaning of amendment No. 12, because an act of that kind is administrative in its nature, and is expressly authorized by section 4, of article 16, of the Constitution, and that section of the Constitution was unaffected by the adoption of amendment No. 12.

The act held invalid in the *Smalley* v. *Bushmaier* cases was one allowing the sheriff of Crawford County a fee of seventy-five cents per day for feeding prisoners, whereas other sheriffs of the State are allowed a dollar per day for similar services. Section 6211, C. & M. Digest. That act did not fix the salary of the sheriff of that county, but did fix the fee for the particular service, different from that of other sheriffs for the same service, thereby destroying uniformity in fees for the same service throughout the State. Charging one fee in one county for a particular service, and a less or greater fee in another for the same service, is a different proposition from that of fixing different salaries for all services in different counties. Section 4 of article 16 of the Constitution confers authority on the General Assembly to fix the salaries and fees of all officers of the State, and may contemplate that the same fees shall be charged for the same service throughout the State (which I do not concede), but, certainly, does not contemplate that all similar officers of different counties placed upon a salary shall be paid the same salary.

Act 150 of the Acts of 1929, herein held unconstitutional, fixes first the salary of the county treasurer of Hempstead County, and also that of the county and probate clerk of that county and his deputy. But it does not affect the fees to be charged in that county which the county clerk is required to collect, for by section 1-A of the act it is provided that "All fees now provided by law

shall be collected by the county clerk of Hempstead County, Arkansas, and paid into the general revenue fund of Hempstead County.'' This means, of course, that the same fees shall be collected there as are collected in other counties throughout the State, and in this respect the Hempstead County act is distinguishable from the Crawford County act, held invalid in the Smalley cases.

The Hempstead County act does nothing more than fix the salary of two county officers, and I think the Legislature has this power, and that the act is valid and not in conflict with amendment No. 12.

I therefore most respectfully dissent; and I am authorized to say that Mr. Justice McHaney concurs in the views here expressed.