The Honorable Bud Canada State Senator 106 Meyer Building Hot Springs, Arkansas 71901
Dear Senator Canada:
This is in response to your request for an opinion, on behalf of the Joint Interim Committee on Revenue and Taxation, on whether "the legislature is free to distinguish among types of personal property for the purposes of ad valorem tax or assessment." Your question indicates that the category of property at issue is business inventory, and it is my understanding that the particular property at issue is automobile dealer inventories.
It is my opinion that the answer to your question, with some exceptions not applicable here,[1] is "no."
The relevant constitutional provision is Arkansas Constitution, art. 16, § 5. It is also necessary to discuss the newly adopted "Personal Property Tax Amendment" passed by the electorate at the November 3, 1992 election. The pertinent portion of Article 16, § 5 provides as follows:
 All real and personal property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State. No one species of property for which a tax may be collected shall be taxed higher than another species of property of equal value, except as provided [by Amendment 59].
It should be noted initially that the General Assembly does not have any authority over the actual property tax rates applied to assessed value to determine property tax liability. These rates or "millages" are set at the local level. The state itself has for many years been prohibited from levying any ad valorem taxes.See Arkansas Constitution, Amendment 47. The legislature does, however, have some authority over the assessment of property, or methods for determining the value of property for taxation purposes. Article 16, § 5 above provides that the value of property is "to be ascertained in such manner as the General Assembly shall direct. . . ." We know, however, from the case ofArkansas Public Service Commission v. Pulaski County Board ofEqualization, 266 Ark. 64, 582 S.W.2d 942 (1979), that the word "value" as used in this provision means "current market value," and as such the General Assembly does not have any authority to value property at other than "current market value." It was stated in the case cited above that while the General Assembly may select the method for reaching the true value of property, it may not arrive at a lower value for some species of property.266 Ark. at 73. The court also cited with approval and emphasized the following language from Little Rock Ft. Smith Ry. Co. v.Worthen, 46 Ark. 312 (1885):
 The legislature cannot discriminate between different classes of property in the imposition of taxes.[2] The only discretion with which it is invested, is in the ascertainment of values, so as to make the same equal and uniform throughout the state.
266 Ark. at 80, citing Little Rock Ft. Smith Co., supra.
The court also cited with approval language from Pulaski CountyBoard of Equalization v. American Republic Life Ins. Cos.,233 Ark. 124, 342 S.W. 660 (1961) as follows: "The language of theconstitution is too plain to be misunderstood: `No one species of property . . . shall be taxed higher than another species of property of equal value.'" 266 Ark. at 81. [Emphasis original.]
It is therefore my opinion that the General Assembly may not distinguish among types of personal property for the purposes of ad valorem tax or assessment. It may establish different assessment mechanisms or procedures for different types of property, but the goal and effect of each such procedure must be to arrive at the "current market value" of the property. Additionally, one species of property may not be taxed higher than another species of property of equal value.
It is my opinion that the newly passed "Personal Property Tax Amendment" adopted by the voters on November 3, 1992, which exempts from taxation household items, including furniture, and provides that the General Assembly "may establish special procedures . . . for the assessment and collection of annual personal property taxes on motor vehicles, owned by individuals,at the time of issuance or renewal of the registration and thelicense thereof" does not change the conclusions above with respect to automobile dealer inventory. See 1992 Amendment No. 2, Section 2 (not yet codified). [Emphasis added.] This is my opinion despite the fact that the amendment also provides that its "provisions . . . shall be in lieu of those provisions of Article 16, Section 5 of the Constitution of the State of Arkansas relating to the assessment and taxation of tangiblepersonal property." (Emphasis added.)
Although a question may arise as to the breadth of the authority granted the General Assembly by the language above, and as to the remaining efficacy of Article 16, § 5 with respect to "tangible personal property," it is my opinion that the amendment does not encompass motor vehicles held as business inventory by automobile dealers, and as such does not supersede Article 16, § 5 as to such property.
The phrase "owned by individuals" as used in Section 2 of the amendment in my opinion refers to consumer ownership of motor vehicles, and not ownership for purposes of resale. Although certainly automobile dealers may own their inventories as "individuals," it is my opinion that the language "owned by individuals" as used in the amendment means "individually owned." Additionally, the amendment authorizes the General Assembly to provide for assessment and collection of taxes on motor vehicles at the time of issuance of renewal of the registration and license. Automobile dealers do not register and license their vehicle inventory individually, as consumer owners do. (See
A.C.A. §§ 27-14-2001—2003 and A.C.A. § 27-14-601(a)(6) (Adv. Code Serv. 1992-93), and generally A.C.A. § 27-14-706. For this additional reason, it is my opinion that the amendment in question does not apply to business inventory of automobile dealers.
Consequently, it is my opinion that Section 3 of the new amendment, which states that its provisions "shall be in lieu of those . . . of Article 16, Section 5 . . . [as] to . . . tangible personal property" does not remove business inventory of automobile dealers from the ambit of Art. 16, § 5. Strictly speaking, of course, business inventory is "tangible personal property." The new amendment, however, does not include any provisions governing business inventory, nor specifically motor vehicle business inventory. Thus, the amendment does not provide anything "in lieu" of Article 16, § 5 as to business inventory. It is my opinion that the new amendment is "in lieu" of Article 16, § 5 only as to those types of property which the amendment addresses, namely, the household items listed, and motor vehicles "owned by individuals." It is therefore my opinion that the provisions of the new amendment do not disturb any existing constitutional or statutory provision governing the assessment and taxation of business inventory.[3]
This construction is consistent with rules of statutory construction providing that a constitutional amendment becomes a part of the "whole constitution" for the purpose of uniform construction, (Parkin Printing Stationary Co. v. ArkansasPrinting and Lithographing Co., 234 Ark. 697, 354 S.W.2d 560
(1962)), and rules which state that all sections of the constitution must be read together, in light of every other section on the same subject, (State ex rel. Purcell v. Jones,242 Ark. 168, 412 S.W.2d 284 (1967)), "with a view of a harmonious whole." Smith v. Cole, 187 Ark. 471, 61 S.W.2d 55
(1933). Finally, it has been stated that amendments to the existing constitution are simply "fitted" into the constitution, displacing only that which is necessarily repugnant to or in irreconcilable conflict with the amendment. Priest v. Mack,194 Ark. 788, 109 S.W.2d 665 (1937). For these reasons, it is my opinion that the new amendment does not apply to or impact the assessment of business inventory.
It is therefore my opinion that under Article 16, § 5 of our Constitution, the answer to your question is generally "no."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted that the Arkansas Constitution gives the General Assembly express authority to classify "intangible personal property" for purposes of valuation and taxation, (see Arkansas Constitution, Amendment 57), and the "rollback" or equalization provisions of Amendment 59 may create exceptions to the equality requirements of Article 16, § 5.
[2] It should be noted that the provisions of Article 16, § 5 are applicable only to "property" taxes and not to income taxes (Superior Bath House Co. v. McCarroll, 200 Ark. 233,139 S.W.2d 378 (1940), aff'd 312 U.S. 176 (1941)), excise taxes (Borchertv. Scott, 248 Ark. 1041, 460 S.W.2d 28 (1970)), use taxes (Morley v. E.E. Barber Construction Co., 220 Ark. 485,248 S.W.2d 689 (1952)), or privilege taxes (City of Fort Smith v.Scruggs, 70 Ark. 549, 69 S.W. 679 (1902)).
[3] In fact, it appears that the language of Section 3 of the amendment was merely patterned after the language of Section 2 of Amendment 57 relating to "intangible personal property." See
note 1, supra.