HUXTABLE *v.* STATE USE CRAWFORDSVILLE SPECIAL SCHOOL DISTRICT.

Opinion delivered April 7, 1930.

.534

*W. B. Scott, James G. Coston* and *J. T. Coston,* for appellant.

*Chas. D. Frierson,* for appellee.

BUTLER, J. The only question in this case is whether the Legislature had the power to relieve the treasurer of Crittenden County from his liability to pay Crawfordsville Special School District five thousand dollars of its funds which he had deposited in a bank, and which was lost by reason of the bank's failure.

The appellant contends that the Legislature had the power to relieve the officer, and that the law enacted to that effect is not a special law within the meaning of the Constitution.

It is insisted by appellee that the act in question is a special act, and comes within the inhibition of Initiated Amendment No. 14 of the Constitution. The validity of such an act was upheld by this court in *Pearson* v. *State,* 56 Ark. 148, 19 S. W. 499, 35 Am. St. Rep. 91, where the General Assembly by its act had relieved the treasurer of Logan County from liability for sums due the county and various school districts where the loss was occasioned by a burglary, on the theory that as it was within the power of the Legislature to impose a debt upon a municipality, it had the power to release a debt due by such, provided the power was not exercised arbitrarily or capriciously. In that case it was contended that the act violated § 3 of article 14 of the State Constitution which ordained that no special taxes should be appropriated to any other purpose nor to any other district than that for which it was levied, and that it was also violative of the provisions of the State Constitution prohibiting legislation which would divest property rights or impair the obligation of contracts.

It will be observed that the act was not challenged on the ground that it was special in its nature. Since the decision in *Pearson* v. *State, supra,* numerous acts have been passed by the General Assembly relieving officials for loss of funds in their hands, which loss occurred through no fault on the part of the officer, which legislative practice continued until a recent date when Amendment No. 14 was initiated and adopted by the people. This amendment was very brief and very much to the point, and is as follows: "The General Assembly shall not pass any local or special acts. This amendment shall not prohibit the repeal of any local or special acts."

It is contended by the appellant in this case that, since the State was not expressly named in the amendment *supra,* the same would have no effect in so far as the rights of the Legislature to pass special laws concerning the business or the funds of the State, and therefore the act in question would not be a special act within the meaning of the amendment. It is our view that, although the State might not be expressly named, limitation might exist by implication, even though there might be no express language in the amendment to that effect. *Martin* v. *Roesch,* 57 Ark. 476, 21 S. W. 881.

In order to determine whether the State was intended to be included, we may look to the history of the times, the conditions existing at the time of the adoption of the amendment, in order to ascertain the mischief to be remedied and the remedy adopted, together with the general spirit of the times and the prevailing sentiment among the people. 6 R. C. L. § 46, p. 51, referred to and approved in *Lybrand* v. *Wafford,* 174 Ark. 304, 296 S. W. 729.

Beginning at an early date, the course of legislation tended to increase local and special acts in an increasing ratio. As stated in *Pearson* v. *State,* "As far back as 1840 and continuously since that time, acts have been passed in this State to release officers and their sureties from debts legally due by them to various counties where

the liability arose without fault of the officer and similar legislation abounds in other days. While such acts do not determine the question of constitutional law, they bear evidence of the public sense of justice and right. Whether the contentions that induce such acts are adequate, and whether public policy and interests are subserved by such legislation, are questions of grave doubt, but their solution is with the legislative and not with the judicial department of the government.''

The policy on the part of the Legislature to pass local and special acts was a progressive one, and the number of such acts increased from session to session until in 1923, when by far a greater number of the acts of the General Assembly for that year and for several sessions preceding were of such character and became out of all proportion to the general laws enacted, so that there was a general sentiment engendered which condemned this policy and culminated in the initiation and passage by the people of Amendment No. 14, *supra,* and it is clear that one of the vices existing at the time of the adoption of the amendment was the frequency with which special laws were passed relieving officers from just liability, and therefore was one of the evils sought to be remedied by the adoption of the amendment. This conclusion seems to be irresistible when the emphatic and unambiguous language of the amendment is considered. Viewing such questions in the light of contemporaneous events, this court, in the recent case of *Webb* v. *Adams,* 180 Ark. 713, 23 S. W. (2d) 617, has adopted the definition of the Alabama Court as to general, local and special laws: ''A general law, within the meaning of this article, is a law which applies to the whole State; a local law is a law which applies to any political subdivision or subdivisions of the State less than the whole; a special or private law, within the meaning of this article, is one which applies to an individual, association or corporation.''

Under this definition, the act in question is undoubtedly a special law, and, since it did not undertake to set-

tle any controversy between the State and one of its citizens, nor refer to administration of justice, nor deal with some sovereign administrative power of the State, or by appropriation provide means to reimburse one to whom it was bound by a moral obligation, it could not come within the rule laid down in *State* v. *Crawford*, 35 Ark. 237; *Waterman* v. *Hawkins*, 75 Ark. 120, 86 S. W. 844; *Urquhart* v. *State*, 180 Ark. 937, 23 S. W. (2d) 963, the validity and force of which decisions are not intended to be impaired by our holding in this case.

Those cases recognize the principle that the State in its sovereign power through its Legislature may protect its own interest, and, by virtue of it, the Legislature may treat every subject of sovereignty as within a class by itself, and such acts would be general and not local or special laws.

From the foregoing observations it follows that the act involved in the instant case is a special act within the meaning of Amendment No. 14 to the Constitution, and is prohibited thereby. The decree of the trial court is therefore affirmed.

SMITH, J., disqualified and not participating.