STATE, EX REL. ATTORNEY GENERAL, *v.* LEE.

4-4438

Opinion delivered December 7, 1936.

*W. G. Riddick,* for appellant.

*D. A. Bradham* and *Clary & Ball,* for appellees.

MEHAFFY, J. The State of Arkansas, by its Attorney General, brought suit against John C. Lee, as sheriff and collector of taxes for Bradley county, Arkansas, and the sureties on his bond, seeking to recover approximately $53,000 with interest, which sum the state alleged had been collected by John C. Lee in his official capacity and applied to his own use.

Numerous amendments and pleadings had been filed, and the appellees then filed a motion to dismiss the complaint. This motion was sustained by the court and the state has prosecuted this appeal.

Roy Leonard, state treasurer, and the sureties on his bond were made parties defendant.

It is unnecessary to set out the pleadings at length because the only question for our consideration is whether act 279 of the Acts of 1933 is a valid act.

Appellants filed a response to the motion to dismiss and alleged that act 279 was unconstitutional because it was a local and special act. It was agreed by the parties that the cause might be submitted to the court on the motion to dismiss, the provisions of act 279, the agreed statement of facts, and the deposition of John C. Lee. It was agreed that the case was filed in the Bradley circuit court on December 5, 1931, and has been pending in said court for all times from that date until the date of the agreement, December 10, 1935. It was agreed that the jurat to defendant Lee's bond was not completed, and that for the purpose of the motion to dismiss, the defendants admit the allegations of the complaint.

The motion to dismiss was taken under advisement by the court until December 30, 1935, on which day the court found that act 279 of the General Assembly of 1933 was a valid enactment, and that the cause should be dismissed.

Act 279 is entitled "An Act to Relieve the Bondsmen of County Officials Under Certain Circumstances," and reads as follows:

"Section 1. In all cases wherein any county collector was short in his settlements with either the state or the county and its subdivisions for taxes collected during the year 1931, for taxes assessed during the year 1930, and where action thereon has been commenced and is pending in the circuit court of any county thereon and where the collector then serving is now insolvent and where the jurat to said bond was not completed, the bondsmen of said collector and any county or state official liable because of said shortage, are hereby released from further obligation to the State and the county and its subdivisions and all liability under bond is released against said bondsmen and said officials.

"Section 2. All laws and parts of laws in conflict herewith are hereby repealed and, there being citizens who will be ruined unless this act speedily become effective, an emergency is presented and declared; and this act being necessary for the public peace, health and

safety, it shall take effect and be enforced from and after its passage.''

Amendment No. 14 to the Constitution of the State of Arkansas reads as follows: ''The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts.''

This act, No. 279, was intended to apply to the collector and his bondsmen in Bradley county alone, and did not apply to any others. The test as to the character of a law as to whether it is local, special or general, is stated in 25 R. C. L., page 815 *et seq,* as follows:

''In determining whether a law is public, general, special, or local, the courts will look to its substance and practical operation rather than to its title, form and phraseology, because otherwise prohibitions of the fundamental law against special legislation would be nugatory. While many of the State constitutions require that all laws of a general nature shall have a uniform operation, it is well settled that reasonable classifications in a legislative act are not inimical to constitutional provisions against the passage of private, local, or special laws, and that a law is general in the constitutional sense which applied to and operated uniformly on all members of any class of persons, places or things requiring legislation peculiar to itself in matter covered by the law. Laws are general and uniform, not because they operate on every person in the state, for they do not, but because they operate on every person who is brought within the relations and circumstances provided for. In order, however, that a law which operates only on a class of individuals may be a general law, the class must not only be germane to the purpose of the law, but must also be characterized by some substantial qualities or attributes which render such legislation necessary or appropriate for the individual members of the class. It may be founded on some natural or intrinsic or constitutional distinction, but the distinction must be of such nature as reasonably to indicate the necessity or propriety of legislation restricted to that class.'' Interdicted local and special laws are all those that rest on a false or deficient

classification. Their vice is that they do not embrace all the class to which they are naturally related. It is no answer to the contention that an act is special legislation, to insist that only a single class is excluded. The exclusion of a single person or object which should be affected by a statute is fatal. All must be included or the law is not general. Where a law is broad enough to reach every portion of the State and to embrace within its provision every person or thing distinguished by characteristics sufficiently marked and important to make them clearly a class by themselves, it is not a special or local, but a general, law, even though there may be but one member of the class or one place on which it operates. And the fact that a statute is limited as to the time of its duration does not make it a local or special act. A statute is general which is local with respect to the violation of it, but which is binding equally on all persons, whether residing in the particular locality or not. If a law applies to the whole state it is a general law under a constitution which provides that a general law is a law which applies to the whole state, while a local law is a law which applies to any political subdivision or subdivisions less than the whole, and it is not converted into a local one simply because it is limited as to certain parts of the state in some of its details. A statute, general in form, is not to be held as special because some unrepealed local statute intervenes and prevents it from having a general effect. Whether a law is rendered invalid as special or local legislation by the fact that such a law is restricted in its operation to counties, cities, villages or towns which vote to adopt it, is considered elsewhere in this work.''

This court has also several times defined general, local and special laws. *Street Imp. Dists. Nos. 481 and 485* v. *Hadfield*, 184 Ark. 598, 43 S. W. (2d) 62; *Simpson* v. *Matthews*, 184 Ark. 213, 40 S. W. (2d) 991; *Leonard* v. *Luxora-Little River Road Maintenance Dist. No. 1*, 187 Ark. 599, 61 S. W. (2d) 70; *Webb* v. *Adams*, 180 Ark. 713, 23 S. W. (2d) 917; *Huxtable* v. *State*, 181 Ark. 533, 26 S. W. (2d) 577. These decisions of this court cite and re-

view the authorities, and it will not be necessary to review them again.

It will be observed that the act undertakes to relieve those persons only who are collector and sureties on collector's bonds, and where a case has already been brought in the circuit court and is pending at the time of the passage of the act, and also where the collector is insolvent, and relieves them from paying taxes collected during the year 1931 for taxes assessed during the year 1930.

There is no evidence that any suit was pending in the circuit court anywhere in the state of Arkansas except the suit in Bradley county. Again, if the taxes were collected at any other time except during the year 1931 for taxes of 1930, the law did not apply. It is manifest from the act itself that it was intended to apply solely to Bradley county.

Section 1 of article 2 of the Constitution of Arkansas reads as follows: ''All political power is inherent in the people, and government is instituted for their protection, security and benefit; and they have the right to alter, reform or abolish the same in such manner as they think proper.''

The people in the state, by the adoption of Amendment No. 14, did alter, reform and abolish the power of the Legislature to pass local or special acts. We do not see how the amendment could have been made plainer. It simply says they shall not pass a local or special act.

This act, No. 279, also violates § 18 of article 2 of the Constitution which reads as follows: ''The general assembly shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens.''

Act 279 undertook to relieve the collector and sureties on his bond if the suit was pending in the circuit court at the time it was passed, and not otherwise. If it were pending in the chancery court, the citizens there involved would be in the same circumstances as if the suit were pending in circuit court. If no suit had been brought at all, although there might be a situation in every county in the state the same as Bradley county,

except no suit was pending in the circuit court, still the law would not apply to them.

We think it, therefore, clearly grants to citizens privileges and immunities, which upon the same terms are withheld from other citizens. If that amendment read: "The Legislature shall not pass any local or special law, except to give the taxpayer's money away," it would then mean what appellees contend, because the whole purpose of the law is to relieve the collector of Bradley county and the sureties on his bond.

Appellees contend, however, that because of these words in the act, "and there being citizens who will be ruined unless this act speedily become effective, an emergency is presented and declared; and this act being necessary for the public peace, health and safety, it shall take effect and be enforced from and after its passage," "that the most the court could arrive at is that there was a group of citizens who would be ruined, if some suit or suits were pressed, and that the state and its subdivisions would be better off if the obligation of this suit or these suits were relieved rather than that certain citizens be ruined."

The state is not ruining any citizens. If the allegations of the complaint are true, and for the purpose of determining the issues here we must accept them as being true, the collector did not have the money to pay, although it is admitted that he collected it. Whether he lost the money through his own fault or through misfortune would not affect the validity of the act. The sureties on his bond, when they signed the bond, agreed to be responsible and liable under just such circumstances as these. There are doubtless citizens all over the state being ruined by suits being pressed against them, but that does not make the act valid or void. If the Constitution prohibits its enactment, it is void, whether it will ruin people or help them, and the only question for us is, Does the act violate the Constitution?

It is true that there is a presumption that the Legislature properly exercised its authority, and where it is doubtful whether the act violates the Constitution, the

doubt must be resolved in favor of the constitutionality of the act. But it appears to us that there is no possible way to reconcile this act with the Constitution.

We have not reviewed the authorities on the question of local and special laws because they have been reviewed many times, and we have cited the authorities reviewing them.

The judgment of the circuit court is reversed, and the cause is remanded with directions to overrule the motion to dismiss.

McHANEY and BUTLER, JJ., dissent.

McHANEY, J., (dissenting). The opinion of the majority appears to me to be so fundamentally wrong as to call for a dissenting opinion pointing out what the basic error is, according to our former decisions, as to what constitutes local and special legislation.

This is a suit brought by the State against the collector of Bradley county and his bondsmen to collect a debt due the state. It was alleged in the complaint that appellee Lee as collector had collected moneys belonging to the state of Arkansas in the total sum of $42,450.31, which he had failed and refused to pay over to the state, but had converted same to his own use and benefit. So, it will be seen that the fund sued for was a fund belonging to the state, and not to the county or any other political sub-division of the state. Appellees plead the provisions of Act 279 of the Acts of 1933 in bar of the action and moved to dismiss the complaint, which motion the trial court granted. The opinion of the majority reverses this action on the ground that said act is unconstitutional because it is a local or special act.

I concede that said act was intended to apply and does apply to the condition existing in Bradley county only, but I cannot agree that this makes it a local or special act within the meaning of Amendment No. 14 to the Constitution, as many times construed by this court. If said Act 279 had been entitled ''An Act to relieve John C. Lee, and his bondsmen for a debt due the state of Arkansas in the sum of $42,450.31 on account of taxes collected by him for the state'' and had enacted such relief

in the body of the act, I would still insist that it would not be local or special legislation within the meaning of said amendment.

We have many times had occasion to consider what constitutes local or special legislation both under the provisions of § 26, art. 5 of the Constitution and Amendment No. 14. In the early case of *State* v. *Crawford,* 35 Ark. 237, it was held that an act of the legislature settling the debt of two citizens to the state, and her debt to them, was not in violation of any constitutional provision. In other words, the act was not local or special. This case has been many times followed and never overruled or in the least impaired, until the decision of the majority in the case at bar, and this case is not even mentioned in the majority opinion. In *Webb* v. *Adams,* 180 Ark. 713, at page 727, 23 S. W. (2d) 617, on rehearing, the majority opinion uses this language: ''In this connection we do not wish to be understood as impairing in the least the force of the decisions in *State* v. *Crawford,* 35 Ark. 237, which holds that a statute settling accounts between the state and certain parties is a general and not a special act; and in *Waterman* v. *Hawkins,* 75 Ark. 120, 86 S. W. 844, holding that statutes establishing or abolishing separate courts relate to the administration of justice and are not either local or special in their operation. This is in recognition of that principle of state sovereignty under which the state, through its legislature, may protect its own interest, and by virtue of it the legislature may treat every subject of sovereignty as within a class by itself, and bills of that kind are usually held to be general and not local or special laws. There are cases where the state, by its legislature, commits the discharge of its sovereign political functions to agencies selected by it for that purpose, and such acts have usually been held to be general acts.''

In *Urquhart* v. *State,* 180 Ark. 937, 23 S. W. (2d) 963, this court had under consideration an act of the legislature, No. 120 of 1929, authorizing the Attorney General to bring suit against the widow, heirs and devisees of Urquhart to quiet and confirm the title of the state to two plantations purchased from him, and imposing

the duty on the court to determine whether there remained unpaid any balance of either principal or interest, and the amount thereof, if any. The act appropriated a sum of money to pay the balance the court might find to be due under the contract of purchase. Among other questions it was argued that said act was in violation of Amendment No. 14, prohibiting local legislation. The court said: "Act 120 is neither a local nor a special act within the meaning of this Amendment. It is an exercise of the state's sovereignty in settling a controversy with one of its citizens, and such acts are neither local nor special. *State* v. *Crawford,* 35 Ark. 237. See, also, other cases cited in the opinion on rehearing in the case of *Webb* v. *Adams,* 180 Ark. 713, 23 S. W. (2d) 617. The court, in the next paragraph quotes the following from 25 R. C. L., page 402: "The legislature has a right to appropriate the public funds in discharge of the state's duty, whether the duty be legal or only moral. And the discharge of such an obligation is always regarded as a legitimate exercise of governmental power. An appropriation, made in discharge of a moral obligation resting upon the state, must be regarded as being for a public purpose, and within the constitutional powers of the legislature, and the fact that a private person may receive the benefit of such an appropriation does not constitute the act of appropriation a private one."

So, it appears to me that, if the legislature may make a constitutional appropriation to pay a debt due a private citizen, it may likewise validly enact a law relieving or forgiving a private citizen of a debt due the state. It is simply an exercise of the state's sovereignty in dealing with its own revenue. In *Huxtable* v. *State,* 181 Ark. 533, 26 S. W. (2d) 577, the question was the validity of an act relieving the county treasurer of a debt due a school district caused by the failure of a bank, and the court held the act invalid. After quoting a definition of the Alabama court as to general, local and special laws, adopted in *Webb* v. *Adams, supra,* we said: "Under this definition, the act in question is undoubtedly a special law, and, since it did not undertake to settle any

controversy between the state and one of its citizens, nor refer to administration of justice, nor deal with some sovereign administrative power of the state, or by appropriation provide means to reimburse one to whom it was bound by a moral obligation, it could not come within the rule laid down in *State* v. *Crawford,* 35 Ark. 237; *Waterman* v. *Hawkins,* 75 Ark. 120, 86 S. W. 844, and *Urquhart* v. *State,* 180 Ark. 937, 23 S. W. (2d) 963, the validity and force of which decisions are not intended to be impaired by our holding in this case.

"Those cases recognize the principle that the state in its sovereign power through its legislature may protect its own interest, and, by virtue of it, the legislature may treat every subject of sovereignty as within a class by itself, and such acts would be general and not local or special laws."

And in *Cannon* v. *May,* 183 Ark. 107, 35 S. W. (2d) 70, holding an act fixing the salaries of the treasurer and clerk of Hempstead county invalid, because local, the court used this language: "We again call attention to the fact that this decision does not impair the decision in *State* v. *Crawford,* 35 Ark. 237, where it was held that a statute settling the accounts between the state and certain parties is a general and not a special act, but the reason was that the state is sovereign and in the settlement of the account acted for all the people in the state." See, also, *Buzbee* v. *Hutton,* 186 Ark. 134, 52 S. W. (2d) 647, where the former opinions are reviewed and quoted at length, and *Smith* v. *Cole,* 187 Ark. 471, 61 S. W. (2d) 55.

In *Waterman* v. *Hawkins,* 75 Ark. 120, 86 S. W. 844, frequently cited as shown by the cases above referred to, the court quoted with approval from *State* v. *Yancey,* 123 Mo. 291, 27 S. W. 380, the following: "Whether an act of the legislature be a local or general law must be determined by the generality with which it affects the people as a whole, rather than the extent of the territory over which it operates; and if it affects equally all persons who come within its range, it can be neither special nor local within the meaning of the constitution." The fact that the act in question relieves the bondsmen of John

C. Lee, does not make it local or special, but the fact that it affects the public revenue makes it general, because "it affects equally all persons who come within its range." Unless we are to abandon this principle of law which has been followed for all these years and overrule the cases herein cited, then the act in question should be sustained and the judgment of the trial court affirmed. If the Legislature cannot pass an act to forgive the state's debtor, then the decisions in the Crawford and Urquhart cases, *supra,* are wrong and should be overruled.

The majority opinion also says that said act 279 violates § 18 of art. 2 of the Constitution, providing: "The general assembly shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens." No authority is cited to sustain this statement. On the contrary we have many times sustained acts of the legislature relieving public officials and their non-paid bondsmen when public funds were lost through no fault of the official. Such is the holding in the most recent case of *McCrary* v. *Schenebeck,* 191 Ark. 698, 87 S. W. (2d) 572. See, also, the cases therein cited. If the act in question violates § 18 of article 2 of the Constitution, certainly the act in the McCrary case and the numerous others, some of which are cited therein, violate it also. But we sustained these acts. The fact is that this provision of the Constitution has no bearing on the act in question or other similar acts. It applies to cases of the kind cited under said section in Crawford & Moses' Digest.

I, therefore, respectfully dissent, and am authorized to say that Mr. Justice SMITH and Mr. Justice BUTLER agree to the views herein expressed.