CLAY COUNTY *v.* RUFF.

4-4133

Opinion delivered February 3, 1936.

*Arthur Sneed*, for appellant.

*J. L. Taylor* and *F. G. Taylor*, for appellee.

MEHAFFY, J.   Appellee filed his claim against Clay County for the sum of $150, which he claimed was due him as his salary as deputy sheriff for the months of January, February and March of the year 1935, basing his claim on § 3 of act 189 of the Special Acts of the General Assembly of the State of Arkansas for the year 1919. His claim was disallowed by the county court, and he appealed to the circuit court where the case was tried and judgment entered in favor of appellee, the court holding that he was entitled to the salary under the special act above named.

Section 3 of act 189, *supra,* reads as follows: "The sheriff and ex-officio collector shall receive an annual salary in the sum of $3,000 for his services as collector, and all delinquent fees, and as sheriff, shall receive all fees as now provided by law for sheriffs.

"The deputy sheriff in the western district shall receive for his services an annual salary for such, the sum of $600 per year and all fees as now provided by law."

At the general election November 6, 1934, the electors of Clay County adopted initiated act No. 1, § 5 of which reads as follows: "The sheriff and ex-officio collector shall receive as compensation the sum of $2,500 per year, and in addition thereto all his fees, commissions, and other compensations now allowed by law which belong to the sheriff's office, and in addition thereto one-half of the penalties and fees attached for the collecting of delinquent personal property taxes, and shall receive no other or further compensation, emoluments, or perquis-

ites, either directly or indirectly for services rendered as such sheriff and ex-officio tax collector.

"Said sheriff and ex-officio tax collector, may employ deputies at such salaries as he may fix and agree upon, the deputies to be paid by the sheriff out of the salary and fees allowed to him for his services.

"The sheriff shall have charge of the county jail and may appoint a jailer who shall also be ex-officio deputy sheriff, and for whose conduct the sheriff shall be responsible as now provided by law.

"The county shall furnish the jail and equipment and keep the same in repair, and shall also furnish all bedding, clothing, medicine and medical attention necessary for the proper care of prisoners, but nothing more.

"For feeding and keeping prisoners confined in the jail, said sheriff shall receive $1 each day, payable as now provided by law.

"Such portion of the collector's salary and expenses as is due from the State and other State agencies shall be paid into the county treasury, to the credit of the county general fund and shall be used only for the purpose intended.

"The sheriff, as ex-officio tax collector, shall execute a 'surety bond' to cover the first $40,000 of liability for and on account of his or her official acts with some surety and bonding company authorized to transact such business in this State as surety thereon, and, in that event, said collector may file claim for premium paid on such surety bond, and the same shall be allowed and paid as an expense to said office."

The initiated act of Clay County covers the whole subject of county officers and their salaries. The fact that it does not mention act 189 is immaterial. Section No. 5 above quoted, of the initiated act, covers the sheriff of Clay County and his deputies. The first paragraph of § 5 above provides for a sheriff and ex-officio collector, and fixes his compensation. The second paragraph of said section authorizes him to employ deputies at such salaries as he may fix and agree upon, the deputies to be paid by the sheriff out of the salary and fees allowed him for his services. The act does not mention the

Western District of Clay County or any other district, but it applies to all of Clay County, and the act was adopted by the electors of that county. This act went into effect on January 1, 1935, and applied to all of Clay County. We think it necessarily repeals act 189, *supra*.

Appellee claims that the initiated act and act 189 can both stand, and that there is no repugnance. This cannot be true because the initiated act makes provision not only for the sheriff and collector, but for his deputies, and even if there was no conflict between the two acts, the initiated act would repeal the other.

"And there may be an implied repeal of an earlier by a later act although they are not repugnant in the usual sense of the term. Where a statute covers the whole subject-matter of an earlier act, and it is evident that it was intended to be a revision of, or substitute for, the earlier act, although it contains no express words to that effect, it operates as a repeal of the earlier act to the extent that its provisions are revised and supplied." 25 R. C. L. 915.

"It is a well-settled principle of statutory construction that statutes should receive a common-sense construction, and, when this whole amendment is construed together as it should be, and a common-sense construction placed upon it, the conclusion that fixing compensation for county officers is a local act, cannot be escaped." *Dozier* v. *Ragsdale,* 186 Ark. 654, 55 S. W. (2d) 779.

It was manifestly the intention of the people of Clay County to provide for their county officers and fix their compensation. These local salary acts have been held valid by this court. *Dozier* v. *Ragsdale, supra; Smith* v. *Cole,* 187 Ark. 471, 61 S. W. (2d) 55; *Reeves* v. *Smith,* 190 Ark. 213, 78 S. W. (2d) 72.

Our conclusion is that the initiated act of Clay County repealed act 189, *supra,* and that the circuit court erred in allowing the claim.

The judgment of the circuit court is reversed, and the cause is dismissed.