4-5677                                    133 S. W. 2d 652

Opinion delivered Nomveber 27, 1939.

*Y. W. Etheridge,* for appellant.

*John M. Golden,* for appellee.

BAKER, J. We accept appellant's statement substantially as set forth in his abstract and brief, showing the issues upon this appeal. The agreed statement of facts signed by the parties or their counsel shows that there was paid to L. W. Dew, the assessor of Ashley county, $900 for the year 1937, and the same amount for 1938, as being half of his salary paid by the state of Arkansas, and that he paid this amount of money into the treasury of Ashley county. It also appears that he was paid $1,800, which was the salary of the county assessor in that county, for each of the said years. He filed a claim in the county court for $900 for the year of 1937 and a like amount for the year of 1938, and these claims were disallowed. He appealed and the agreed statement of facts filed by the parties was prepared for the trial in the circuit court. It became the sole evidence. It was also agreed therein that except for the salary act, initiated in that county, the salary of the tax assessor would be $3,000 per annum. Section 13637, Pope's Digest.

More succinctly stated it is now contended by appellant that the act of the Legislature fixing salaries is a

general law and that being such the Initiative and Referendum Amendment No. 7 to the Constitution of the State of Arkansas could not legally authorize the county to pass any local act, or, if so, that it was changed or repealed, at least, by the act which fixed the salary of the assessor of Ashley county at $3,000; that under the state act the appellant is entitled to $1,500 from the state, instead of $900, but that he is asking now that he be permitted to have only the $900 paid by the state to him and which he, in obedience to the initiated salary act, paid over to the treasurer of the county under protest. Counsel says: "It is clear that the county has the right to set the salaries of local officials as far as they are such; and the question is whether or not the county may set the salary of the assessor not only for the work done as a local official but also for the work done by him as an official of the State of Arkansas."

We comprehend appellant's viewpoint in this regard, but we wholly fail to agree as to its pursuasive force or effect, when we consider the proposition having due regard to the power of the county under Constitutional Amendment No. 7 to fix or determine salaries of county officers.

We shall not enter upon a discussion as to the right or power of counties to fix or determine such salaries. That has been settled upon many occasions. *Dozier* v. *Ragsdale,* 186 Ark. 654, 55 S. W. 2d 779; *Tindall* v. *Searan,* 192 Ark. 173, 90 S. W. 2d 476; *Phillips* v. *Rothrock,* 194 Ark. 945, 110 S. W. 2d 26.

There is little left for discussion now except the present status of the assessor. It is argued that he is both a state and county officer, so recognized as a state officer by the state by the legislative act which provides for the payment of one-half his salary. Act 316 of 1935 and Act 75 of 1937, are cited by appellant as authority therefor.

In recent years many changes have been made in providing compensation for officials, without changing to any extent or to any degree the duty or power or status of such officials. Many people still remember when all officials were paid fees by those whom they served and

for the particular services rendered. The fee system has been eliminated in many counties in so far as compensation for the officer is concerned, though, in many instances, it has been preserved as a means of measuring the value of the services rendered to the individual citizen. Under this later system the theory is that when this service is rendered by the county through its duly elected officer, such fee shall be collected and be paid over to the treasurer, for the benefit of the county, the fee system being regarded merely as above stated, as the measure of compensation to be paid by him who has been served in the particular governmental function. But even if such fee system, as provided for at this time, and for the purposes above set out were completely abolished, and if services were rendered free by officers duly elected, appellant's position here would not be changed in the least. The fact that the state, by appropriation tenders and pays over $900 a year for half the assessor's salary in no respect whatever changes the nature of the office of county tax assessor. It is true that his assessment is for the benefit of the state, perhaps to the same extent that it is to the benefit of the county, and it is perhaps beyond question that the appropriation for the payment of such salaries is an equitable distribution of the burdens of government in accordance with the benefits derived therefrom.

But any theory that might tend to support the position of the tax assessor, as a state officer, is applicable to the same extent and with the same full effect to the county clerk, that it is to the county assessor. Every piece of property listed and assessed by the assessor must be also listed and the taxes extended against it by the county clerk, and the theory that the tax assessor has become, by reason of the payment of half his salary, a state officer, supports with equal force a theory that the county clerk is likewise a state officer. It may be argued in response to this assertion that the only difference is that no appropriation has been made and no payments are being made to county clerks of the state.

However logical and seemingly potent or pursuasive these suggestions may be, they must yield to the all

powerful and conclusive provisions of constitutional law. Constitution of 1874, art. VII, § 46.

So, from the foregoing cited provisions of our Constitution, the tax assessor is merely a county officer, whose duties, when performed, serve the state, as indeed the state may be served by any other officer, without a recognition by the state of that fact by the payment of salary, or otherwise.

Appellant also argues that this money appropriated by the state for the payment of these salaries is such that it may not properly be paid over to the county treasurer as that is a diversion of the fund appropriated and paid for salary purposes, and another use was not contemplated. This contention is a very narrow construction put upon the theory or proposition of a diversion of funds. Perhaps there is no better settled principle of law than the one providing that the fact that taxes levied and collected for a particular purpose may not be diverted or appropriated to some other purpose. There is nothing in the record before us indicating how these salary funds arose, but we, at least, assume that they became part of the general funds of the state, maybe, we suggest, possibly a part of the 2 per cent. tax on insurance premiums, not levied for school purposes, not levied for the maintenance of any institution of the state, but free to be appropriated to meet any obligation that the state may feel obligated to pay. When it shall have paid over this fund it was not the purpose of the state to add the amount as additional salary to that already fixed by law. That is apparent from all of the conditions that prevail. In the first place, the initiated salary act provides that from and after January 1, 1935, there shall be paid to the officers of Ashley county and that they shall receive the compensations and salaries provided and nothing more. The county assessor of Ashley county could not accept the additional $900 without violating that provision of the local or initiated salary act. Had it been the intention of the state, on the other hand, to pay half the salary of the county assessor of that county and to change, repeal or amend the initiated salary act, if we accept appellant's contention, it would have

been recognized as the rightful or fixed salary, the amount contended for by the appellant, $3,000, and the payment would have been $1,500, or half the salary. Any construction of this act of the Legislature for the payment of half the salary, when taken in connection with the amount paid, $900, must be regarded not as having the effect to repeal, modify, or change the initiated salary act in that respect, but, instead, as a recognition of the initiated salary act and the amount fixed by it as the full salary owing to the county assessor.

The trial court has given a statement, historical in effect, of all this class of legislation and a somewhat careful analysis thereof, which has proven both instructive and interesting, but it is unnecessary to quote same. Citing somewhat copiously from such cases as *Dozier* v. *Ragsdale, supra,* wherein it was said in effect that the fixing of fees and salaries of county officers is purely a local matter and is not of interest to persons, except the taxpayers in the particular county where the law is enacted; and also from *Phillips* v. *Rothrock, supra,* and again from the case of *Priest* v. *Mack,* 194 Ark. 788, 109 S. W. 2d 665, as well as from 22 R. C. L. 527, and many other authorities.

After a complete re-examination and study of the subject we cannot think there could be any benefit to the public or to any individual interested in this litigation to re-examine and extend unduly a discussion of local salary acts. In this case the assessor has been paid his full salary. If under the Constitution salaries of county officials are purely local matters and may be settled and determined by the people themselves, certainly when salaries shall have been so determined and fixed and shall have been paid, no officer may properly claim more than the amount so determined and the courts do not have power to amend the law.

Certainly in this case, if the Legislature had not appropriated and paid over the $900 a year there would have been no insistence on the part of the tax assessor that he was entitled to any additional compensation over and above that provided by the initiated act. We have already seen that the so-called salary act under which

the $900 was paid was not intended to increase the amount that the officer should receive, but was paid in recognition that the salary was limited to $1,800, half of which was assumed and paid by the state.

Judgment affirmed.