The Honorable Marc McCune Prosecuting Attorney Twenty-First Judicial District 206 South 3rd Street Van Buren, Arkansas 72956
Dear Mr. McCune:
I am writing in response to your request, submitted by Deputy Prosecuting Attorney Charles D. Baker, for an opinion on two questions involving a quorum court's authority to refer certain matters to a vote of the electors. Specifically, the request notes that a justice of the peace in Crawford County has previously filed resolutions and ordinances to reduce the salaries of members of the quorum court and to prohibit the quorum court from authorizing health insurance benefits for its members. Your request notes that these attempts have failed and that the quorum court member in question has now proposed two ordinances, each for a "voter referendum" on the respective issues. You have forwarded two questions regarding these facts as follows:
 1. Does the Crawford County Quorum Court have the legal right to draft an ordinance which would authorize an election, so the voters of Crawford County have the opportunity to determine Justice of the Peace salaries, within Arkansas statutory limitations, in Crawford County?
 2. Does the Quorum Court have the legal right to draft an ordinance which would authorize an election, so the voters of Crawford County have the opportunity to vote to prohibit health insurance benefits for the office of Justice of the Peace in Crawford County?
Deputy Prosecuting Attorney Charles D. Baker notes that he has researched these questions and advised that in his opinion, the "voters of Crawford County cannot vote to rescind the statutory powers given to the Quorum Court by the Arkansas Legislature." He has advised the justice of the peace in question that "it would be necessary to hold a state-wide referendum on those issues since the effect would be to change state law."
RESPONSE
It is my opinion, as a preliminary procedural matter, that the Quorum Court does not have the authority in this context to draft a proposed
ordinance and submit that ordinance to the voters for their approval. State law governing a quorum court's general power to refer ordinances to the voters only allows a quorum court to refer ordinances that it has actually passed to the voters for their approval or rejection. To the extent your questions inquire as to whether the Quorum Court can legally draft proposed ordinances and refer them to the voters, in my opinion the answer to each of your questions is "no." This conclusion does not mean, however, that the general topic of these measures, depending upon the exact content, could not be initiated by the voters of the county under the provisions of Arkansas Constitution, Amendment 7 and related enabling legislation. My conclusion above only forestalls the Quorum Court from submitting proposed ordinances to the voters in this regard.
Some explanation of this preliminary procedural matter is necessary prior to addressing the more substantive suggestion that giving this power to county voters would, in effect, "change state law."
The powers of county quorum courts are very comprehensively set out in Arkansas Constitution, Amendment 55 and Act 742 of 1977, as amended ("the County Government Code") codified at A.C.A. §§ 14-14-101 to 14-14-1313
(Repl. 1998). The relevant section for our purposes is A.C.A. § 14-14-905
entitled "Adoption and amendment of ordinances generally." Subsection (f)(1) of this statute provides as follows:
 (f) REFERENCE TO ELECTORS. GENERALLY. A Quorum Court may, at the time of or within thirty (30) days of adoption and prior to the effective date of an ordinance, refer the ordinance to the electors for their acceptance or rejection. The referral shall be in the form of a resolution and shall require a three-fifths (3/5) affirmative vote of the whole number of justices comprising a quorum court. This action by a court shall not be subject to veto and shall constitute a referendum measure; from that point, the procedure of election shall be as required by Arkansas Constitution, Amendment 7 and by law.
(Emphasis added).
This statute empowers a quorum court to adopt an ordinance and then refer it to the voters for their approval or rejection. This conclusion is evident, in my opinion, from the use of the word "adoption" and the reference to the ordinance's "effective date." This statute does not, therefore, authorize the referral of a proposed ordinance that has not actually been adopted by the quorum court. In this regard, the powers of counties are different that those of city councils, which are empowered to refer either proposed or adopted ordinances to a vote of the people.See A.C.A. §§ 14-55-301 and -302 (Repl. 1998).
To the extent, therefore, that your questions contemplate the mere drafting of a proposed ordinance, and not the actual passage of the ordinance by the Quorum Court before its referral, it is my opinion that the answer to each of your questions is "no," the Quorum Court does not have this right.
My conclusion above may obviate the necessity of opining further in order to answer your question. I will note, however, that my conclusion above regarding a quorum court's lack of power to refer proposed ordinances should not be read as indicating that the voters of the county could not, on their own, initiate measures of the general nature you describe, depending, of course, on the provisions of any particular ordinance. Arkansas Constitution, Amendment 7 reserves initiative and referendum powers in the voters of a county. The enabling legislation for this process is found at A.C.A. §§ 14-14-914 to -919. Both Amendment 7 and A.C.A. § 14-14-914, however, state that no local legislation shall be enacted contrary to the Arkansas Constitution or any general law of the state. See Amendment 7 "Local Petitions," "Municipalities and Counties" and 14-14-914(b).
Mr. Baker suggests that the described ordinances would be unlawful as being contrary to state law. I have not been provided with copies of the proposed ordinances in question and cannot, therefore, opine definitively on whether they would be contrary to state law if adopted. I can state, however, that the general topics of public official salaries and the decision of whether to afford them medical insurance coverage, are in my opinion within the county voters' rights of initiative and referendum.
The "salaries" of justices of the peace are in the form of "per diem." Amendment 55, § 5 states that "per diem compensation for members of the Quorum Court shall be fixed by law." Section 14-14-1205(a)(1)(A) of the Arkansas Code provides that the "per diem compensation for justices of the peace attending any regular, special, or committee meeting of a quorum court shall be fixed by ordinance in each county." This statute sets a minimum per diem of $115 for each regular meeting, not to exceed a certain amount per calendar year, depending upon the population of the county. A.C.A. § 14-14-1205(a)(1)(B).
The compensation of justices of the peace is therefore set by county ordinance, with the minimums and maximums set out in A.C.A. §14-14-1205. In my opinion the setting of per diem compensation within these limitations is within the county voters' power of initiative. Although I have not reviewed any proposed ordinance in this regard, I fail to see how the mere setting of such per diem by the voters, without more, would "change state law." State law provides that the per diem amounts are to be "fixed by ordinance." A.C.A. § 14-14-1205(a)(1)(A). The voters of counties reserve the right in Arkansas Constitution, Amendment7 to initiate and refer local legislation "of every character." Amendment 7 "Local Petitions" "Municipalities and Counties." The exercise of this power in regard to quorum court per diem does not "rescind the statutory powers given to the Quorum Court by the Arkansas Legislature" any more than it would with regard to any other initiated ordinance. In my opinion this general topic falls within the initiative and referendum powers reserved to county voters. See in this regard, Dew v. Ashley County,199 Ark. 361, 133 S.W.2d 652 (1939); Phillips v. Rothrock, 194 Ark. 945,110 S.W.2d 26 (1937); Priest v. Mack, 194 Ark. 788, 109 S.W.2d 665 (1937);Tindall v. Searan, 192 Ark. 173, 90 S.W.2d 476 (1936); Clay County v.Ruff, 192 Ark. 150, 90 S.W.2d 474 (1936); and Dozier v. Ragsdale,186 Ark. 654, 55 S.W.2d 779 (1932). See also generally, Op. Att'y Gen.97-109.
A similar conclusion would attend an ordinance determining whether to provide medical insurance coverage to quorum court members. Section14-14-1205(a)(3) provides that: "In addition to any other compensation expense reimbursement or expense allowances provided members of the quorum court, counties may provide medical insurance coverage for members of the quorum court." (Emphasis added). This statute allows, but does not require, "counties" to provide medical insurance coverage for quorum court members.
Assuming an initiated ordinance did no more than to determine whether such benefits are to be provided, in my opinion, again, such an ordinance would be within the initiative powers of county voters. Your request, however, describes an existing proposed ordinance as "prohibiting the Quorum Court from authorizing health insurance benefits for members of the Quorum Court." It is true, in my opinion, that a proposed ordinance cannot purport to obliterate the Quorum Court's power, afforded by the General Assembly, to decide whether to afford medical insurance benefits to its members. In that sense, such an ordinance would be contrary to state law. It is clear, however, that any legislative matter that the Quorum Court could itself determine may also be subject to the people's power of initiative and referendum. Thus while the people, through an initiated ordinance, cannot take away power granted to the Quorum Court in state law, the voters can certainly exercise their own parallel power to determine the issue through an independent ordinance on the topic.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh